UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| THE SOCIETY FOR DIVERSITY, INC. an Indiana corporation,<br>  Plaintiff,<br>v.<br><br>DTUI.COM, LLC, a Nevada, a Limited Liability Company, and BILLY VAUGHN,<br>  Defendants. | CAUSE NO. 1:19-cv-4589<br><br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND RELATED CLAIMS**

The Society for Diversity, Inc., ("Plaintiff" or "SFD") files this Complaint against Defendant, DTUI.com, LLC ("DTUI") and Billy Vaughn ("Vaughn") (collectively, "Defendants") and allege as follows:

**I. INTRODUCTION**

1. The Society for Diversity, Inc. ("SFD") is the world's oldest and largest institution devoted to providing professional qualification credentials to company leaders who are responsible for educating employees about diversity and inclusion in the workplace. It has developed a proprietary curriculum that has been embraced by businesses and governments nationally and internationally. At significant expense and effort, SFD created the Certified Diversity Professional (CDP) and Certified Diversity Executive (CDE) programs, designations and certifications. SFD certifies persons that have passed its rigorous tests and established their competency in diversity. Those persons are permitted to use the CDP and CDE designations, which are registered trademarks owned by SFD. The CDP and CDE designations are recognized

1

worldwide for distinguishing persons who are truly proficient in the field of diversity as established by SFD.

2. Defendants provide services in the diversity education market. But instead of competing fairly, Defendants began advertising that their educational services will allow students to use the CDP and CDE designations owned by SFD. However, SFD has not authorized Defendants to confer CDP or CDE designations on Defendants' students, and those students have not passed the tests SFD requires of its students. In short, Defendants are purporting to offer counterfeit CDP and CDE training and designations and renewals.

3. This suit seeks to bring an end to the confusion and anarchy created by Defendants intentional infringement and counterfeiting.

**II. NATURE OF ACTION, JURISDICTION AND VENUE**

4. This is an action for trademark infringement, trademark dilution, false designation of origin and unfair competition, under *inter alia*, the Lanham Act, 15 U.S.C. §§ 1051, *et.seq.*; and state common law.

5. This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121. In addition, jurisdiction exists under 28 U.S.C. § 1332. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1367(a) and 1338(b).

6. Venue is proper under, *inter alia*, 28 U.S.C. §§ 1391 and 1400 in that, on information and belief, a substantial part of the events giving rise to this action occurred in this judicial district, and Defendants or their agent(s) are subject to personal jurisdiction in the district.

7. This Court may exercise personal jurisdiction over the Defendants because of their systematic contacts with and purposeful availment of this forum. Specifically and without limitation, Defendants sell, offer for sale and market the subject infringing goods and services in this judicial district directly through the Internet, including websites such as https://dtui.com/ and https://diversityexecutiveacademy.com.

### III. THE PARTIES

8. Plaintiff, The Society for Diversity, Inc., is an Indiana corporation and has its principal place of Business in Indianapolis, Indiana.

9. Defendant, DTUI.com LLC, upon information and belief, is a Nevada limited liability company with its office address at 350 Townsend Street, Suite 255, San Francisco CA 94107.

10. Upon information and belief, Defendant, Billy Vaughn, is the member manager of DTUI.com LLC, and maintains an office located at 350 Townsend Street, Suite 255, San Francisco CA 94107.

11. Upon information and belief Vaughn has known of, directed and controlled the infringing activities of DTUI.com.

### IV. FACTUAL ALLEGATIONS

12. SFD provides education and training in the field of diversity and confers CDP (certified diversity professional) and CDE (certified diversity executive) designations to individuals that successfully complete its assessment process and/or exam preparation courses. SFD also provides training materials to

persons in the field of diversity that bear the marks CDP and CDE (collectively, the "Marks"). These activities occur through interstate commerce.

SFD owns numerous State and Federal trademark registrations that include the terms CDP and CDE, including but not limited to Federal Registration Nos. 5,226,654, 5,208,283 and 5,226,655, Indiana Registration Nos. 2019000025334 and 2019000025335; California Registration Nos. 306277 and 306278, Florida Registrations T19000000695 and T19000000696, and New York Registrations S24639 and S24640 (the "Registrations").

13. The Registrations are prima facie evidence of the validity of the Registrations, SFD's ownership of the Marks, and its exclusive right to use the Marks in commerce in connection with the goods and services specified in the Registrations. The Registrations are also constructive notice of SFD's ownership of the Marks.

14. SFD has a national and international customer base.

15. The Marks have become widely recognized for high quality, training curriculum and certification and professional qualification services, and have developed extensive goodwill. The Marks are a valuable asset of SFD.

16. Defendants are in the business of offering diversity training services, materials and curriculum.

17. On information and belief, Vaughn is the founder and owner of DTUI.

18. On information and belief, each Defendant is the agent, servant, employee, principal, successor, alter ego, and/or partner of the other Defendant, acting within the course and scope of such capacities and with the permission and consent of the other in doing the acts and engaging in the conduct alleged herein.

19. On information and belief, Defendants have offered diversity training and certification services using the marks CDP and CDE and have directed and purported to authorize others to use the marks CDP and CDE to describe their qualifications in the field of diversity. Defendants did the foregoing knowing that CDP and CDE were Registered Marks of SFD, and knowing that such acts by them and the persons they have so directed and purported to authorize would infringe SFD's rights in the Marks.

20. Defendants have also distributed goods comprising training materials bearing the marks CDP and CDE, and such materials infringe SFD's rights in the Marks.

21. A representative webpage of Defendants describing their activities that infringe the Marks is as follows:



# Certified Diversity Professional Program (CDP)

## Overview

The purpose of the Certified Diversity Professional (CDP) Program is to provide participants with a framework for transforming an organization into an engaged, productive, and inclusive workforce. You will learn hot to manage diversity, develop a strategic plan, onboard difficult people, and drive organizational inclusion. This program will help you assess your current cultural competency and demonstrate how to increase competency. By the end of this seminar, you will have learned how to:

- Use an organizational change approach in planning how to increase inclusion

**Format:**

*There are three formats for completing the CDP:*

(1) Online (DELA 100B & DELA 300B)

(2) Four-day classroom (DELA 100A);

(3) Blended version (DELA 300B online and attending the last two days of the DELA 100A classroom training).

**Online**

- Learn at your own pace
- 24 hours/365-day access
- Learn in small group settings
- Ask as many questions as you need. Get the support needed to meet your unique challenges



22. A representative webpage showing Defendant's use of the SFD's CDE mark appears at http://www.diversityexecutiveacademy.com/pricing/ as follows:

23. A representative fraudulent certification created by Defendants is:

7



24. Vaughn uses the SFD's marks CDP and CDE to promote himself and the services and goods of DTUI, including on the webpage: https://diversityexecutiveacademy.com/biily-e-vaughn-phd/:



8

25. Vaughn places SFD's CDP and CDE marks adjacent his name, as evidenced by this representative LinkedIn profile:



26. Vaughn's use of CDP and CDE as indicated above falsely suggests to others that Vaughn has completed training and passed tests provided by SFD and that SFD has conferred the CDE designation on Vaughn.

27. Defendants' directions to others that they may use SFD's mark CDP is further evidenced by this testimonial on Defendants webpage located at:

https://diversityexecutiveacademy.com/online-diversity-certification/



28. The use of the mark CDP as indicated above falsely suggests to others, that the individuals have completed training and passed tests provided by SFD and that SFD has conferred the CDP designation on the individual.

29. In addition, SFD requires persons who have been authorized by SFD to use the CDP or CDE marks to renew their certifications to continue to have the right to continue use the marks.  Defendants have contacted persons that SFD has authorized to use its CDP and CDE marks to offer imitation certification renewal services; Defendants' certification renewal notice, sent via email, continues Defendants' practice of confusing consumers for Defendants' own financial gain.  The following is a representative certification renewal notice sent by Defendants:



30. Defendants knew that SFD used the Marks CDP and CDE before Defendants began their infringement.

31. SFD informed Defendants in writing of SFD's rights in the s CDP and CDE by letters dated April 16, 2019 and July 23, 2019, and requested that they cease their infringing activity.  However, Defendants have refused, and continue to infringe SFD's rights.
32.  Defendants are not, and have never been, authorized by SFD to use any of SFD's Marks.
33. The use by Defendants of SFD's Marks is likely to cause confusion and to deceive the public into believing that Defendants are affiliated or connected with, or are authorized or endorsed by SFD.
34. As a result of the aforesaid acts of Defendants, SFD has suffered and continues to suffer substantial damages and irreparable injury.
35. SFD has no adequate remedy at law and, unless Defendants are restrained and enjoined by this Court, said acts will continue to cause damage and irreparable injury to SFD and to its goodwill and business reputation.
36. Plaintiffs cannot ascertain the precise amount of their damages at this time.
37. Defendants were notified of their infringing activity, and demand has been made upon them to cease and desist, but they have nonetheless continued to infringe.

### Count I – Federal Trademark Infringement

38.  The preceding allegations are incorporated herein by reference.
39. Defendants' use of the terms CDP, Certified Diversity Professional, Certified Diversity Executive and CDE, and in selling and advertising their services and products, and in directing others that they are entitled

to designate themselves as a CDP, CDE, Certified Diversity Professional or Certified Diversity Executive is likely to cause confusion, mistake, and deception among consumers as to the source, affiliation, connection, association, origin, or approval of the goods or services and falsely suggest a sponsorship, connection, license, affiliation or association between SFD on the one hand, and Defendants or the persons they have so directed on the other hand, in violation of Lanham Act § 32, 15 U.S.C. § 1114.

40. Defendants' have induced others to use the terms CDP, Certified Diversity Professional, CDE and Certified Diversity Executive in a way that causes confusion, mistake, and deception among consumers as to the source, affiliation, connection, association, origin, or approval by SFD of the qualifications and experiences of those other persons, in violation of Lanham Act § 32, 15 U.S.C. § 1114.
41. Defendants' continued use of the infringing marks has injured SFD, and if permitted to continue, will further injure SFD by damaging its reputation and causing additional monetary damages.
42. Defendants' continued and knowing use of the infringing marks, or their reckless disregard, constitutes willful and/or intentional infringement and unfair competition, and this case is therefore exceptional under the Lanham Act.
43. SFD has no adequate remedy at law and, if Defendants are not enjoined, SFD will suffer substantial irreparable harm and injury to their goodwill and reputation.

44. SFD cannot ascertain the precise amount of its damages at this time, but it is entitled to recovery of monetary damages, including, but not limited to, actual damages, treble damages, reasonable attorneys' fees, and costs; SFD is also entitled to recover Defendants' ill-gotten profits.

### Count II - False Designation of Origin And Unfair Competition

45. The preceding allegations are incorporated herein by reference.
46. Defendants' actions in adopting, marketing, reproducing, publicly displaying, selling, offering to sell, and/or distributing goods and service using the Marks in interstate commerce without SFD's consent constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and has caused, and continues to cause, a substantial effect on interstate commerce in that a likelihood of confusion, mistake, and deception exists in the minds of the consuming public as to the source, sponsorship, affiliation, and/or connection of Defendants' infringing goods and services.
47. By reason of the foregoing, SFD has been injured in an amount to be proven. In addition, as a result of Defendants' unlawful acts, SFD has suffered and will continue to suffer irreparable harm, and SFD has no adequate remedy at law with respect to this injury. Unless the acts of Defendants are enjoined by the Court, SFD will continue to suffer such harm.
48. Defendants' actions have been knowing, intentional, wanton, and willful, or done with reckless disregard of SFD's rights, entitling SFD to damages,

treble damages, ill-gotten profits, reasonable attorneys' fees, statutory damages, and the costs of this action.

### Count III – Infringement of Indiana Registered Trademarks

49. The preceding allegations are incorporated herein by reference.
50. The actions of Defendants referenced above infringe SFD's Indiana Trademark Registration Nos. 2019000025334 and 2019000025335; for CDP and CDE, and violate Indiana Code 24-2-1-13, , *et. seq*.
51. Defendants' continued use of the infringing marks has confused the consuming public, injured SFD, and if permitted to continue, will further injure SFD by damaging its reputation and causing additional monetary damages.
52. Defendants' continued and knowing use of the infringing marks, or their reckless disregard, constitutes willful and/or intentional infringement.
53. SFD has no adequate remedy at law and, if Defendants are not enjoined, SFD will suffer substantial irreparable harm and injury to their goodwill and reputation, and the consuming public will suffer further confusion.
54. SFD cannot ascertain the precise amount of its damages at this time, but it is entitled to recovery of monetary damages, including, but not limited to, actual damages, treble damages, reasonable attorneys' fees, and costs; SFD is also entitled to recover Defendants' ill-gotten profits.

### Count IV – Infringement of California Registered Trademarks

55. The preceding allegations are incorporated herein by reference.

56. The actions of Defendants referenced above infringe SFD's California Trademark Registration Nos. 306277 and 306278 for CDP and CDE, and violate California Business and Professions Code Sections 14200, et. seq.

57. Defendants' continued use of the infringing marks has confused the consuming public, injured SFD, and if permitted to continue, will further injure SFD by damaging its reputation and causing additional monetary damages.

58. Defendants' continued and knowing use of the infringing marks, or their reckless disregard, constitutes willful and/or intentional infringement and unfair competition.

59. SFD has no adequate remedy at law and, if Defendants are not enjoined, SFD will suffer substantial irreparable harm and injury to their goodwill and reputation, and the consuming public will suffer further confusion.

60. SFD cannot ascertain the precise amount of its damages at this time, but it is entitled to recovery of monetary damages, including, but not limited to, actual damages, treble damages, reasonable attorneys' fees, and costs; SFD is also entitled to recover Defendants' ill-gotten profits.

### Count V - Common Law Unfair Competition

61. The preceding allegations are incorporated herein by reference.

62. Defendants have been passing off their goods and services as those of SFD, and have been using SFD's intellectual property to promote their own goods, services and credentials in a manner that unfairly competes with SFD.

63. Consumers and prospective consumers have been confused by Defendants actions.
64. SFD has thereby sustained damage to its reputation, goodwill, and sales, in an amount to be proven at trial.

## V. PRAYER FOR RELIEF

SFD prays for a judgment from this Court as follows:

(1) that Defendants and their officers, agents, servants, employees, licensees, assignees, candidates, designees, students, customers, transferees, successors, attorneys, and those persons in active concert or participation with them who receive actual notice of the Court's order, be preliminarily and permanently enjoined from:

(a) using the Marks or any variation of the Marks to promote, market, advertise, provide or sell diversity education services or curriculum for diversity education; or inducing informing other that they may use the Marks to indicate their capabilities, qualifications or certification in the field of diversity;

(b) using the Marks or any variation of the Marks on the Internet, as a webpage, domain name, in meta tags, or social media account names, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship, or affiliation of Defendants;

(c) using the Marks to indicate, imply or suggest that Defendants have been certified by SFD as a CDP or CDE;

    (d)    diluting, blurring, passing off, or falsely designating the origin of the Marks and from further injuring SFD's goodwill and reputation;

    (e)    engaging in unfair methods of competition with SFD; and

    (f)    doing any other act or thing likely to induce the belief that Defendants' businesses, services, or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by SFD; and

(2) preliminary and permanently ordering and directing Defendants to

    (a) take any and all action necessary to remove any and all of Defendants' references to the Marks or any variation of the Marks in connection with their promotion, marketing, advertising, and/or sales of diversity education services or goods, or from using the marks CDP or CDE adjacent the names of persons that have not been conferred CDP or CDE designations by SFD; and

    (b) inform Defendants students / customers their ongoing use of the CDP or CDE designations is improper and that they should cease and desist such use unless and until they have been conferred CDP or CDE designations by SFD;

(3) preliminary and permanently ordering and directing Defendants to disclose the SFD the contact information for all persons that Defendants have purportedly authorized to use any of the Marks;

(4) that Defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Plaintiffs, within thirty days after service of any injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

(5) awarding SFD in accordance with 15 U.S.C. § 1117, and California and Indiana law, Defendants' profits, damages sustained by SFD and three times

such amounts as a result of Defendants' willful wrongful actions, including the infringement of federally or state registered trademarks, infringement of common law rights, false designation of origin, trademark dilution, and employing unfair methods of competing with SFD;

(6) awarding SFD statutory damages pursuant to 15 U.S.C. § 1117(c) of up to Two Million Dollars ($2,000,000) for each trademark per type of goods sold that Defendants have willfully counterfeited and infringed;

(7) awarding SFD punitive damages for Defendants' willful and malicious acts of counterfeiting, infringement, and false designations of origin to deter future unlawful activities complained of herein;

(8) prohibiting pursuant to 11 U.S.C. § 523(a)(6) Defendants from a discharge under 11 U.S.C. § 727 for malicious, willful, and fraudulent injury to SFD;

(9) awarding SFD interest, costs, and reasonable attorneys' fees incurred in connection with this action;

(10) awarding SFD such other and further relief as this Court may deem to be just.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

Respectfully submitted,

OVERHAUSER LAW OFFICES LLC

By:  s/ Paul B. Overhauser
Paul B. Overhauser
740 W. Green Meadows Dr., Suite 300
Greenfield, IN  46140-4019
Phone: 317-467-9100
poverhauser@overhauser.com
Attorney for Plaintiff

20